# CIRCUIT COURT OF THE CITY OF RICHMOND

Jabbar Price,
by mother and next friend,
Berneatha Terrell

    v.

Ron Chavis,
Artisha White,
and Tommy D. Crawford, Jr.

### Case No. LR-1466-1

E'mon Ambers,
by mother and next friend,
Berneatha Terrell

    v.

Ron Chavis,
Artisha White,
and Tommy D. Crawford, Jr.

### Case No. LR-1467-1

### June 21, 2004

BY JUDGE T. J. MARKOW

This is before the court on plaintiffs' Motions to Set Aside Judgments. As the facts in each case are the same, this opinion and order will apply to both cases, Numbers LR-1467 and LR-1466.

Each case was brought on behalf of a child by their mother for damages from a dog bite. Two other cases arising from the same incident were filed.

The cases were filed by an attorney who remained in the case until permitted to withdraw in April, approximately one month before the scheduled trial date.

In January or February, each case was set for trial by defense counsel for the defendant Crawford. Counsel for the plaintiffs was given written notice of the trial dates. He testified that he verbally advised the mother of the children of the dates.

Case No. LR-1466 was scheduled for trial on May 24; Case No. LR-1467 on May 26. The cases were not continued upon entry of the order of withdrawal of counsel. After withdrawal of counsel, Mr. Crawford's defense attorney mailed copies of trial witness subpoenas to the children's mother and to an attorney who was not counsel of record but was the attorney first contacted by the plaintiffs.

On the dates scheduled for trial, jurors were summoned and defendant Tommy D. Crawford, Jr., appeared with counsel, and defendant Artisha White appeared pro se. There were no appearances on behalf of the plaintiffs. The juries were empaneled. There being no evidence presented by the plaintiffs, counsel for Mr. Crawford moved for dismissal for failure to prosecute, or to strike the evidence and enter judgment. The later motion was sustained. Judgment orders were then entered in favor of the defendants.

The mother of the children now moves to reinstate the cases, vacate the judgments, and set the matters for trial.

Defendant Crawford argues that he has expended time and money to prepare himself for trial, took the effort to notice plaintiffs' counsel of the trial dates and copied the children's mother with trial witness subpoenas, and opposes plaintiffs' motions.

Plaintiffs rightly argue that this is a harsh result. Defendants rightly argue that they did all that was required of them and relief for the plaintiffs would impose a harsh result on them.

This issue is not one to be decided on equitable principles. Rather it is a matter of the law. No less than any other trial which is heard on the date scheduled, the results should be final unless there was misconduct by the opponents or error of the court. Neither occurred here.

The motions to reinstate are overruled and the order vacating the judgments of May 24, 2004, and May 26, 2004, is hereby vacated, and those judgments are reinstated.